## FOLSOM *v.* GATE CITY TERMINAL COMPANY.

1. In most of its features this case is controlled by that of *Bridwell* v. *Gate City Terminal Co.,* 127 *Ga.* 520.

2. Where the petition of the plaintiff alleged, that there was "a private alley" adjacent to his lot which it was sought to condemn, that his property consisted not only of the piece which the defendant was endeavoring to condemn, but also other property, "which receives benefit from said alley, . . and that it has not undertaken to condemn the interest of your petitioner in said alley in said condemnation proceedings," but there was no distinct allegation as to what the interest of the plaintiff in such alley was, or whether he had a title in fee to the alley or to any part of it, the allegations will be most strongly construed against the pleader, as indicating that his interest was an easement of way, or like right, appurtenant to this and other lots.

3. So construed, if the company proceeded to condemn the lot it would "become vested with such interest in the property taken as may be necessary to enable the corporation" to exercise its franchise or conduct its business, with reversion to the person from whom it may be taken, should the property cease to be used for such purposes. A proceeding to condemn the lot or a portion of it would include compen-

sation on account of an easement or similar appurtenance connected with the lot; and this would be taken into consideration in the assessment.

4. If it had been alleged and shown that the title to all or part of the alley was in the lot owner, and that the proposed right of way included within its limits both the alley adjacent to the lot and a portion of the lot itself, it would seem that the company could not leave uncondemned the alley, or that part of it to which the landowner had title, and condemn the strip from his lot adjacent to it, thus separating the remainder of the lot from the alley and leaving the latter within the right of way. But the pleadings and evidence in the present case do not distinctly raise this point.

5. The contention that the notice of the proceeding to condemn was not authorized at the time when it was given, which was involved in the case of *Bridwell* v. *Gate City Terminal Co.*, supra, is not involved in this case.

Argued February 22,—Decided April 13, 1907.

Petition for injunction. Before Judge Pendleton. Fulton superior court. December 24, 1906.

*Smith, Berner, Smith & Hastings*, for plaintiff.

*Rosser & Brandon*, for defendant.

LUMPKIN, J. Most of the questions raised in this case are decided in *Bridwell* v. *Gate City Terminal Co.*, 127 *Ga.* 520. The Civil Code, §4683, provides, that "Upon the payment by the corporation or person seeking to condemn of the amount of the award and final judgment on appeal, such corporation or person shall become vested with such interest in the property taken as may be necessary to enable the corporation or person taking to exercise their franchise or conduct their business; and whenever the corporation or person shall cease using the property taken for the purpose of conducting their business, said property shall revert to the person from whom taken, his heirs or assigns." This necessarily involves considering damage to the remainder of the lot from such use, including damage to such easements as that of way by an alley, or like appurtenances. And these are to be considered in the assessment where the lot is condemned. *Streyer* v. *Georgia Southern etc. Co.*, 90 *Ga.* 56 (3). If the easement alone is destroyed, wholly or partially, without physically taking possession of the lot itself, this would give a right to damages so inflicted. If the right of way sought to be condemned, and declared now necessary, included all or a part of a lot, we incline to think that the company could not condemn some of the land of the lot owner,

lying within the right of way, and leave some of it useless and un-condemned still within the line declared necessary, but separated from the remainder of the lot left uncondemned. If they now require up to a given line as a right of way, and proceed to con-demn to that line, it would seem but just that they should do so in one proceeding, and not condemn merely a strip along such outer line, leaving a strip of the lot within uncondemned. If it ap-peared distinctly that the fee in the alley referred to, or a part of it, belonged to the lot owner and was really a part of his lot, only subject to use as a way, the same rule would probably apply to it. But it does not distinctly appear that the fee in the alley, or any part of it, was in the plaintiff, or whose "private alley" it was, or that he had any more right in regard to it than some kind of "interest," or perhaps easement of way appurtenant to the land sought to be taken. The prayer of the petition was merely "that the defendant be enjoined from proceeding with said condemna-tion proceedings," and for general relief.

There was no question of an illegal notice of condemnation pro-ceedings in this case, as there was in that of *Bridwell* v. *Gate City Terminal Co.*, supra.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*